UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Thomas A. Callan, | |
| Plaintiff, | |
| v. | 3:08-cv-01625 (CSH) |
| Henry M. Paulson, Secretary of the Treasury, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

HAIGHT, Senior District Judge:

**I.     Background**

In August of 2008, the Internal Revenue Service sent Thomas A. Callan ("Callan")[1] a series of letters alleging that he owed large sums in penalties and unpaid taxes. Callan began this action in October of 2008, apparently in response to those letters. The government moves to dismiss the complaint for failure to comply with Rules 8(a)(2) and 8(d)(1) of the Federal Rules of Civil Procedure.

The record consists only of those documents submitted by Callan and is not a complete administrative record. But from an examination of this limited record, it appears that on August 27, 2008, the IRS sent Callan a "Letter 1058," a final "Notice of Intent To Levy," which asserted that Callan owed $131,034.64, mostly in unpaid taxes, penalties, and interest for his 2001, 2002, 2003, and 2004 tax returns, as well as items labeled "CIVPEN" — presumably penalties — for the years

---

[1]     Callan's dispute with the IRS has brought him into federal district courts on at least one prior occasion. One of his recent letters to the IRS states that "Mr. Callan has had cases filed in court and not received satisfactory answers." Letter from Thomas A. Callan to Stephan Fowler (Sept. 29, 2008) [doc. #3-6] at 11. It appears likely to this Court that Callan was the plaintiff in *Callan v. Internal Rev. Serv. Comm'r*, No. 06-1024-PHX-DGC (LOA), 2007 WL 552219 (D. Ariz. Feb. 20, 2007).

2000, 2001, and 2002. [doc. #3-3] at 2-3. The next day, on August 28, 2008, the IRS sent Callan a "Letter 3174" alleging that he owed $31,034.65, most of which was unpaid taxes and interest from Callan's 2001 tax return, as well as the same penalties mentioned on the previous letter. [doc. #3-2] at 2-3. That same day, the IRS also sent a Letter 729, stating that Callan had not filed tax returns for the 2006 and 2007 calendar years. [doc. #3-3] at 4-5. The next day, on August 29, 2008, the IRS sent Callan a Letter 3172, "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320." [doc. #3-4] at 12-13. That letter sought back taxes, penalties, and interest for tax years 2001 through 2004, and penalties for the years 2000, 2001, and 2002.

On September 27, 2008, Callan signed two tax returns, Form 1040EZ, that purported to describe his tax liability for the years 2006 and 2007. [doc. #3-5] at 11-12. Those returns listed his 2006 adjusted gross income as "No taxable income" and his 2007 adjusted gross income as "None."[2]

---

[2] Callan apparently relies on several theories to deny tax liability. At least one of those theories is described in the opinion dismissing his other federal action:

> In his "Motion to Rule for Plaintiff," Plaintiff states that he was not born in the United States, but rather Connecticut, and as such is not subject to the jurisdiction of the "bankrupt Corporation of the United States." Plaintiff believes that by using "ALL CAPS" for names on official documents such as birth certificates and driver's licenses, the United States has created "straw men" or fictional people whom it uses to extract tax payments from individuals like Plaintiff. Plaintiff argues that a "name written in ALL-CAPITAL-LETTERS is not a sentient, flesh and blood human being. It is a corporation, fiction or deceased person." According to Plaintiff, "[t]he actual bottom line of this is, All [sic] assets generated BY and THROUGH my straw man account, BASED on my existence and personal value and credit, BELONGS TO ME." Plaintiff believes he has zero tax liability. He seeks "to move on in life without the molestation, frivolous, groundless and illegal actions of the Defendant organization as they continue to kill the country and funnel monies out of the economy of the United States of America under a guise."

2007 WL 552219 at *2 (citations omitted).

*Id.* Callan apparently submitted those returns to the IRS, along with several letters in response to the IRS's inquiries. *See, e.g.*, [doc. #3-5] at 16-28; [doc. #3-6] at 2-9; [doc. #12 at 4]. Callan also instituted this action approximately one month later, on October 21, 2008.

On January 19, 2009, and probably on several other occasions as well, the IRS sent Callan a letter notifying him that "we have determined that the information you filed . . . is frivolous and there is no basis in the law for your position."[3] [doc. #16] at 24. This determination resulted from

---

That description is consistent with the letters and pleadings Callan has filed in this case, wherein he has described himself in a variety of ways, including "Thomas A Callan Expatriated January 2009," [doc. #16] at 2, "Thomas A Callan (Not a substantiated taxpayer)" [doc. #12] at 3, "Thomas A. Callan sovereign individual, UCC-1," [doc. #3-2] at 31, and "Thomas A Callan – Natural Born American, Not within the Jurisdiction according to IRC 7701 and or USC 7701; not defined as a taxpayer; no defined income and thus no source of income; All Rights Reserved.," [doc. #3-3] at 11, presumably in furtherance of his position that "[t]he status of being a 'U.S. national' rather than a 'U.S. citizen' relieves persons from federal tax liability under 'U.S. citizen' status." [doc. #3-2] at 26.

[3]   This Court makes no ruling at this time on whether Callan's legal positions are frivolous, because the positions are not presented in a straightforward way. But whether or not his legal theories are frivolous, it is clear to the Court that his communications with the IRS, like his pleadings in this case, were liberally interlaced with irrelevancies. For example, in one of his letters to the IRS dated approximately two months after this case was filed, Callan wrote the following:

> Your letter is a blatant disregard for the present ongoing case that has been lodged as a Common Law Proceeding in the County of New Haven, US District Court. Your fraudulent liens are related to Taxpayers of which the IRS has not produced any evidence, of good will or fraudulent. Please extract your phalanges from the sigmoid us and regard jurisdiction as related to Title 26 IRC 7701 as the Mr. Callan is very aware of where Washington District of Columbia, Puerto Rico and the Virgin Islands are located. The above named human being Mr. Callan made it clear that he is not a taxpayer and demands that the IRS produce any relevant facts that might be of interest, or the IRS are just jack boot THUGS and playground robbers, lacking ethics, proper procedure and would probably have been hung for the treasonous, traitorous actions during the late 1700's

Callan's reliance on positions that were either identified as frivolous under IRC § 6702, "reflect[ed] a desire to delay or impede the administration of federal tax laws," or both. *Id.*

In this action, Callan claims to be acting pursuant to 18 U.S.C. § 4, which states:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

*See* Complaint [doc. #3] at 1. Callan appears to believe that (1) he has actual knowledge (2) of the commission of a felony (3) that is "cognizable by a court of the United States."

But Callan's filings are lengthy and tangled, with overlapping accusations and inconsistent numbering. Looking only at his Complaint, he appears to allege at least nine causes of action (for malfeasance of office, slavery, treason, fraud, extortion, attempted robbery, false documents, conspiracy, and racketeering), Compl. at 6-8, but he also asserts four independently numbered "Counts," which allege deprivations of constitutional rights. Compl. at 10. Furthermore, he asserts a series of "damages" for constitutional deprivations as well as for violations of criminal statutes. Those "damages" total $3,240,000. Compl. at 11.

In his opposition to the government's motion to dismiss, Callan claims to summarize his previous claims, but in fact asserts a plethora of new claims, including "counts" that are wholly inconsistent with the similarly numbered counts in the Complaint. *See* Pl.'s Opp'n [doc. #16] at 10-14. Even within the same document, he has two paragraphs labeled "COUNT 1." On page 10, Count

---

& or tarred.  The Jankos and Leprechaun training schools of 1976 are still known to many.

[doc. #12 at 4].

1 is for "refus[al] to answer basic questions of the Plaintiff," but on page 11, Count 1 is for a violation of due process. *Id.* Over the next three pages, Callan alleges a total of 61 counts, (numbered Counts 1-2, and then Counts 1-59). *Id.* Those 61 counts appear to include (in different order) the thirteen original counts from the Complaint (nine unnumbered, plus Counts 1-4), but many more appear with no explanation or context.

Even if the Court ignores Callan's inappropriately labeled "counts," it is unclear exactly which facts and legal theories form the basis of Callan's complaint. At the highest level, the gravamen of the complaint appears to be the following:

> -DENIED A RIGHT to due process of law. Such denials include but are not limited to the right to work, the right to receive just reward of labors, denying access to the multiple Constitutional rights and specifically acting against the PLAINTIFF under a color of official right. It is a "taking action" denying the right to personal property violating the provisions of the state Constitutional provision and under the Fourth and Fifth amendments to the Constitution of the United States.
>
> . . . The numerous IRS DEFENDANTS,[4] acted against that due process by acting in a criminal conspiracy to defraud the PLAINTIFF Affiant of his rights and property, WITHOUT ANY KIND OF LAWFUL JUDGMENT, VALID COMMERCIAL PAPERWORK, CONTRACTS OR PROOF OF CLAIMS. The DEFENDANTS are therefore guilty of denying the PLAINTIFF Thomas A Callan, every constitutional protection afforded---an act of TREASON (defined below), an act of a MIXED DOMESTIC WAR during a time of war.

---

[4] The United States of America has appeared on behalf of the individually named defendants and alleges that those defendants, even if named in their official capacities, are not properly named as defendants. The government contends that this suit "is against the sovereign" because "the relief sought affects the actions of the defendant in his capacity as a federal employee." Def.'s Motion [doc. #13] at 1 n.1 (citing *Jackman v. D'Agostino*, 669 F. Supp. 43, 46 (D. Conn. 1987); *Melechinsky v. Sect'y of the Air Force*, No. H-82-735, 1983 WL 1609, *1 (D. Conn. Feb. 18, 1983)). Because I dismiss the Complaint on Rule 8 grounds, I need not reach the question of whether those defendants are proper parties to this lawsuit in any capacity.

Pl.'s Opp'n ("Motion 5 – Not To Dismiss") [doc. #16] at 5. Callan also charges the defendants with the following crimes:

> -MALFEASANCE OF OFFICE.  By such wrongful action, these individuals have acted with malfeasance of office in conspiracy with and as IRS Agents.  They deliberately, knowingly and willfully violated said rights of the PLAINTIFF and are guilty of misconduct in office, whether public or private.
>
> -SLAVERY. . . . The DEFENDANTS acting based upon the unsupported frauds of the IRS, have denied the past and present rights to "fortunes" earned by the labors of the PLAINTIFF. . . .By such actions, these DEFENDANTS have destroyed the right to life, liberty and property by such taking of personal property and repeated threats of or without due process of law, reducing the Affiant to the condition of an unemployed slave that is and directly related to.  As such, these are in fact in violation of the State and Federal Constitutions that abolished slavery.  Regard of the Thirteenth Amendment is considered.
>
> -TREASON.  Treason is defined as the assault against the authority to which one owes allegiance. . . . The numerous DEFENDANTS have willfully violated the basic fundamental principles this Country was founded upon, and therefore condoned the acts of TREASON by so-called government officials and the IRS against the Undersigned, making the defendants liable for such acts of TREASON by refusing to stop such actions against the PLAINTIFF . . . when they had the power and authority to do so.

*Id.* at 6-7.[5]  As I have already mentioned, Callan also accuses the defendants of fraud, extortion, attempted robbery, "[a]ccepting and or providing false documents," conspiracy, and racketeering violations.  *Id.* at 7-8.

In sum, Callan appears to believe that the government of the United States is a far-flung

---

[5] The allegations of treason appear to stem from Callan's belief that the Attorney General and Secretary of the Treasury, as delegates to the International Criminal Police Organization, more commonly known as "INTERPOL," have "renounce[d] their allegiance" to the United States.  Compl. at 9.

conspiracy, possibly based overseas, intent upon violating the rights of those within its borders:

> Under the trappings of "democracy," the flag, "law and order" the Constitution etc., Americans have been duped into administering and submitting to their own subjugation, bankruptcy, enslavement, and the elimination of their rights, freedom, and country. The people have been reduced to peonage and involuntary servitude under a fraudulent, tyrannical, and seditious foreign oligarchy whose express intent is to institute and establish a dictatorship over the people and their posterity through private, commercial one world-government (i.e. "The New World Order").

*Id.* at 10.

## II. Discussion

In its Motion To Dismiss, the government has made no attempt to illuminate the source of its dispute with Callan. Instead, it moves to dismiss the Complaint for failing to comply with Federal Rule of Civil Procedure 8(a)(2) and (d)(1). The government seeks dismissal because the complaint "is over fourteen single-spaced pages long with no numbered paragraphs and includes over two hundred fifty unnumbered pages of exhibits," and because it "is replete with absurd and frivolous statements, which are . . . incomprehensible." Def.'s Mem. [doc. #13-2] at 1-2 (footnotes omitted).

### A.   The Standard Under Rule 8

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) provides that "[e]ach allegation [of a pleading] must be simple, concise, and direct." The purpose of Rule 8 is to ensure that courts and adverse parties can understand a claim and frame a response to it.

The Second Circuit has observed that:

> The statement should be plain because the principal function of

>pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1281, at 365 (1969)) (additional internal brackets and citations omitted); *see also Roberto's Fruit Market, Inc. v. Schaffer*, 13 F. Supp. 2d 390, 397 (E.D.N.Y. 1998) (setting forth a similar analysis and collecting cases). When a complaint fails to comply with these requirements, the district court has the power to dismiss the complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (citing *Salahuddin*, 861 F.2d at 42).

"Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons*, 49 F.3d at 86-87 (quoting *Salahuddin*, 861 F.2d at 42). The Second Circuit has instructed that if the District Court dismisses the complaint for failure to comply with Rule 8, it generally should afford the plaintiff leave to amend. *Salahuddin*, 861 F.2d at 42. (citing 5 C. Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1281, at 366-67; 2A Moore's Federal Practice ¶ 8.13, at 8-81 to 8-82 n. 38).

In *Salahuddin*, the Court of Appeals found that the district court acted within its discretion in dismissing a complaint spanning "15 single-spaced pages and contain[ing] explicit descriptions of 20-odd defendants." 861 F.2d at 43. Nevertheless, the Court of Appeals assigned error to the district court's failure to permit leave to amend, since, despite its length, the complaint "clearly plead[ed] at least some claims that cannot be termed frivolous on their face." *Id.*

In this case, it may be possible for Callan to assert, in a complaint complying with Rule 8, constitutional claims that are not frivolous on their face. But it is impossible to extract such claims from the "mass of verbiage" contained in the present Complaint.

Furthermore, Callan's status as a *pro se* plaintiff does not save his Complaint. It is well established Second Circuit precedent that a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). District courts must interpret *pro se* pleadings liberally, to raise the strongest arguments they suggest. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). But even with the relaxed standards afforded to *pro se* plaintiffs, it is "pointedly clear that the complaint . . . runs afoul of Rule 8." *Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992); *see also Moll v. Carter*, 179 F.R.D. 609 (D. Kan. 1998) (citing cases in the Tenth Circuit for the propositions that *pro se* pleadings are "liberally construe[d]" but that "*pro se* litigants must comply with the minimal standards of notice pleading required in Rule 8(a)").

## III. Conclusion

Callan's Complaint is dismissed, without prejudice, for failure to provide a clear and succinct basis for and summary of his claims.

In dismissing this Complaint, the Court acknowledges that Mr. Callan is clearly motivated by a sense of justice and fairness in his intense personal commitment to this matter.[6] He also has demonstrated verbal fluency and an ability to digest vast quantities of literature pertaining the nation's tax laws and their history.

---

[6] Callan's Complaint alleges that he has lost three years' worth of earnings, and devoted more than a thousand hours, to his troubles with the IRS. [doc. #3] at 11.

But a judicial complaint is not the place for a historical exegesis. In describing the facts and legal theories that support his complaint, Callan should be brief and specific. Examples of the brief and specific claims that are sufficient to institute a federal action are published as an appendix to the Federal Rules of Civil Procedure, in Forms 10 through 21. *See* Fed R. Civ. P. app. Forms 10-21, *available at* http://www.uscourts.gov/rules/cvforms2.htm. Although his claims may not fall into any of the models provided in that appendix, Callan can still use those examples as a model of the brevity and precision that a legal complaint should display.

Callan is granted leave to file an amended complaint within thirty (30) days of this ruling. If Callan does not amend his Complaint within thirty days, this action will be dismissed with prejudice, Callan's further motions [docs. ## 12, 13, 17, 18, 19] will be dismissed as moot, and the Clerk will be instructed to close the file.


Dated: New Haven, Connecticut
    April 15, 2009

                                                  /s/ *Charles S. Haight, Jr.*
                                                  Charles S. Haight, Jr.
                                                  Senior United States District Judge